UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COSETTE GRANT-OVERTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:20-cv-00128-HAB-SLC |
| | ) |
| FORT WAYNE URBAN LEAGUE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the Court is a motion to amend filed by Plaintiff on October 13, 2020, seeking to file an amended complaint to "mak[e] it abundantly clear that [Defendant National Urban League ("NUL")] was a joint employer of the Plaintiff" (ECF 49 ¶ 3). NUL filed a response in opposition to the motion on October 27, 2020, asserting that the motion is untimely, would unduly prejudice it, and is futile. (ECF 53). Plaintiff filed a reply brief on November 3, 2020, and the motion is now ripe for ruling. (ECF 54). For the following reasons, the motion to amend will be GRANTED.

### *A. Factual and Procedural Background*

On March 2, 2020, Plaintiff filed this case against Defendants NUL and Fort Wayne Urban League, Inc. ("FWUL") in Allen County Superior Court, alleging that they discriminated and retaliated against her by terminating her employment, in violation of Title VII, 42 U.S.C. § 1981, the Family Medical Leave Act, and the Age Discrimination in Employment Act. (ECF 4). Defendants timely removed the action to this Court. (ECF 1). On April 27, 2020, the Court conducted a preliminary pretrial conference, setting the following deadlines in accordance with Federal Rule of Civil Procedure 16(b): July 17, 2020, for Plaintiff to seek leave to amend the

pleadings; August 17, 2020, for Defendants to seek leave to amend the pleadings; and March 15, 2021, for the completion of all discovery. (ECF 15, 16).

On May 5, 2020, NUL filed a motion to dismiss for lack of personal jurisdiction, together with a supporting memorandum and a declaration from one of NUL's officers. (ECF 17, 18). On June 2, 2020, Plaintiff requested a sixty-day extension of time to respond to the motion to dismiss in order to conduct discovery into personal jurisdiction. (ECF 26). On June 16, 2020, NUL filed a response to Plaintiff's request for an extension of time to conduct discovery, and on June 26, 2020, Plaintiff filed a reply. (ECF 30, 32). On July 6, 2020, the Court granted Plaintiff's motion for extension, affording Plaintiff to and including September 7, 2020, to conduct discovery into NUL's contacts and communications with FWUL pertaining to her employment and subsequent termination. (ECF 33).

On October 13, 2020, after she completed jurisdictional discovery, Plaintiff filed a response to the motion to dismiss, attaching numerous exhibits in support of personal jurisdiction. (ECF 47 through ECF 47-20). That same day, Plaintiff filed the instant motion to amend her complaint to make it "abundantly clear" that she is alleging NUL was her joint employer. (ECF 49). As already stated, NUL opposes the motion on the grounds of untimeliness, undue prejudice, and futility, and the motion is now ripe for ruling. (ECF 53, 54).

### B. Standard of Review

When a motion to amend is filed after the Federal Rule of Civil Procedure 16(b) deadline to do so has passed, the Court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of [Federal Rule of Civil Procedure] 15(a)(2) [are] satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014)

(quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted) (upholding a denial of a motion for leave to amend nine months after the deadline to amend had passed).

Pursuant to Rule 15(a)(2), when a party can no longer amend the pleadings as a matter of right, a party must seek the court's leave or the written consent of the opposing party.  While the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (collecting cases). Leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

"Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 2015) (quoting *A. Cherney Disposal Co. v. Chi. & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975)).  As such, the Court must balance the hardship to the moving party if the motion is denied, the reasons the moving party failed to include the new party in the initial pleading, and the supposed injustice to the

3

nonmoving party should the motion be granted.  *Id.* (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (2d ed. 1990)).

### *C. Discussion*

Plaintiff filed the motion to amend complaint approximately three months after the applicable deadline to seek leave to amend her pleadings.  As such, Plaintiff must show "good cause" for the untimely amendment.  Fed. R. Civ. P. 16(b)(4).

In an effort to do so, Plaintiff asserts that as a result of the jurisdictional discovery she obtained evidence of minimum contacts showing the breadth and scope of NUL's input and control over her work, establishing that NUL was instrumental in monitoring her employment and "must be considered an 'employer' of the Plaintiff."  (ECF 54 at 1).  Plaintiff contends this is "good cause" to amend her complaint in light of NUL's pending motion to dismiss, so that she can make it "abundantly clear" in her allegations that both FWUL and NUL were her employers.  (ECF 49 ¶ 3).

NUL responds that Plaintiff did not act diligently in seeking to amend her complaint because "[t]he identity of Plaintiff's employer clearly 'could have been pled at any time after the filing of the initial complaint.'"  (ECF 53 at 5 (citing *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993))).  But Plaintiff *did* allege that NUL was her employer in the initial complaint, asserting in paragraph three that "[FWUL] and [NUL] are 'employers' for purposes of Title VII and 42 U.S.C. § 1981."  (ECF 4 ¶ 3).  Now, in light of NUL's motion to dismiss and her recent receipt of discovery responses, Plaintiff seeks to amend her complaint to bolster her allegations that both FWUL and NUL were her employers.  The Court agrees that given these circumstances, Plaintiff has established "good cause" under Rule 16(b)(4) for the belated

4

amendment.

Turning to Rule 15(a)(2), NUL claims that the amendment should be denied not only due to Plaintiff's undue delay, but also because NUL will be unduly prejudiced by the amendment and because the amendment is futile. (ECF 53 at 3-5). With respect to prejudice, as explained earlier, Plaintiff alleged in her initial complaint that both FWUL and NUL were her employers (ECF 4 ¶ 3); as such, NUL has been on notice of this claim since the outset of the litigation. And even if Plaintiff had not done so, "being required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amended pleadings." *Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) ("If such prejudice were considered undue, then amended pleadings would rarely be permissible."). Furthermore, NUL conclusorily argues undue prejudice but it fails to specifically explain *how* it will be prejudiced by the amendment. Discovery remains open through March 15, 2021, and thus, there is ample time remaining in the discovery period.

Additionally, NUL's argument of futility is premature. "Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Ellmann v. Amsted Rail Co.*, No. 2:17-cv-361, 2018 WL 1725494, at *2 (N.D. Ind. Apr. 9, 2018) (citations omitted). NUL claims that the amendment is futile because Plaintiff "fails to provide any documentation of her alleged employment status at NUL" and "the record clearly demonstrates that FWUL, not NUL, is Plaintiff's employer." (ECF 53 at 4). But "[f]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Reardon*, 2018 WL 1603381, at *2 (alteration in original) (citation omitted)). To state a claim, a plaintiff "need not plead particularized facts, but the

5

factual allegations in the complaint must be enough to raise a right to relief above the speculative level." *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 789 (N.D. Ill. Apr. 21, 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Plaintiff alleges in the amended complaint that "FWUL and NUL were involved in her hiring and her termination," that she "had to maintain contact with both NUL and FWUL in her capacity as CEO," that she "had to correspond with and be accountable to both FWUL and NUL," and that she was "disciplined and advised by both FWUL and NUL with respect to her responsibilities and operations as CEO for FWUL." (ECF 49-1 ¶ 3). "Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend . . . ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520-21 (7th Cir. 2015) (citation and internal quotation marks omitted). These allegations in the amended complaint are sufficient at this stage to state a claim against NUL as her alleged employer. *See N.L.R.B v. W. Temp. Serv.'s Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987) ("[J]oint employer status exists if two employers exert significant control over the same employees." (citation and internal quotation marks omitted)). NUL's assertion that Plaintiff cannot succeed on the merits of that claim does not make the amendment futile at this juncture. *See Reardon*, 2018 WL 1603381, at *2.

To reiterate, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Plaintiff has shown good cause for the belated amendment under Rule 16(b)(4), and because NUL's arguments of undue delay, undue prejudice, and futility are insufficient to preclude the amendment under Rule 15(a)(2), the motion to amend (ECF 49) will be GRANTED.

### *D.  Conclusion*

For the foregoing reasons, Plaintiff's motion to amend complaint (ECF 49) is GRANTED.  Plaintiff is AFFORDED to and including November 20, 2020, to file the amended complaint (ECF 49-1) and its exhibits (ECF 49-2, 49-3).

SO ORDERED.

Entered this 13th day of November 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge